```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


EARLENE ETTA HUGHES,              )
                                  )
               Petitioner,        )
                                  )
          v.                      )    1:09CV120
                                  )
ALVIN W. KELLER, JR.¹,            )
                                  )
               Respondent.        )
```

### MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The facts and history of the case, as set out by the North Carolina Court of Appeals in its denial of Petitioner's direct appeal, are as follows:

> When viewed in the light most favorable to the State, the evidence at trial tended to show that Officer Sharon Lloyd was working as an undercover officer on 28 October 2005 in an attempt to make a controlled buy of cocaine from defendant. Officer Lloyd was wearing a transmitter, and Detectives Kirkman and Sands arranged to monitor those transmissions from separate vehicles. Officer Lloyd drove to defendant's house in Stokes County, got out of her car, and called out defendant's name. Officer Lloyd identified defendant as the person who came out of the house to speak with her. When Officer Lloyd asked for "some stuff[,]" defendant replied that she did not have any but knew where they could probably get some. Defendant retrieved her purse from the house and got into the officer's car. Upon defendant's directions, Officer Lloyd drove to another house, where a man called "Wally" climbed into the vehicle's backseat

---

¹Petitioner originally named Theodis Beck as the Respondent in this case. At that time, Beck was the Secretary of the North Carolina Department of Correction. However, he has since retired and has been replaced by Alvin W. Keller, Jr. Keller is substituted as the Respondent in this case pursuant to Fed. R. Civ P. 25(d).

and gave Officer Lloyd directions to McArthur's Trailer Park.

    At the trailer park, Wally got out of the vehicle and spoke with a younger man. Officer Lloyd handed $40.00 to defendant, who handed the money to Wally when he came back to the vehicle. After taking the money to the younger man, Wally got back into Officer Lloyd's vehicle and handed something to defendant. At Officer Lloyd's request, defendant placed the item, which was a thin, thumbnail-sized "rock," in a water bottle cap as they were leaving the trailer park. During the ride, both Wally and defendant pinched off a small piece of the "rock," which they smoked in a stem. Defendant handed the bottle cap to Officer Lloyd, who placed the cap in the car's console. At trial, over defendant's objection, Officer Lloyd testified that she took possession of the cocaine in defendant's driveway.

    Defendant was indicted for the felonies of sale and delivery of cocaine and possession with intent to sell and deliver cocaine. These charges were tried before a jury at the 19 April 2007 session of Criminal Superior Court of Stokes County.

    Officer Lloyd acknowledged that defendant did not "charge for her time." However, defendant did ask for, and received, a pinch of crack cocaine. At the close of the State's evidence, defendant moved to dismiss the charges on the basis that there was no evidence that the offenses occurred in Stokes County, and specifically, that if any sale of cocaine occurred, the sale occurred in Surry County. The trial court denied the motion.

State v. Hughes, No. COA07-1227, 189 N.C. App. 531, 659 S.E.2d 491 (unpublished), rev. denied, 666 S.E.2d 766 (2008).

Petitioner was convicted of possession with intent to sell or deliver cocaine and the sale and delivery of cocaine in case 06CRS50859. She was then sentenced to 16 to 20 months of imprisonment. Further, her probation from cases 04CRS2889-91 was terminated, and two suspended sentences of 8 to 10 months of imprisonment were activated in those cases. All sentences were imposed consecutively.

-2-

Petitioner filed a direct appeal, which was denied in the decisions cited above. Petitioner also filed a motion for appropriate relief in the state trial court. This was summarily denied on November 20, 2008. Petitioner did not seek certiorari from the North Carolina Court of Appeals, but instead filed a habeas petition in this Court (case no. 1:09CV75). When that petition was dismissed without prejudice for procedural deficiencies, she filed the present case.

## Claims in Petition

Petitioner raises four claims for relief in her petition. First, she alleges that she did not commit the crimes charged, but that they were instead committed by Frank Shuff, a.k.a. "Wally" in the facts set out above. Next, she claims that venue was not proper in Stokes County because any transfer of cocaine occurred in Surry County. Third, she argues that she could not be guilty because she was at her son's "ball practice" at the time the crimes were committed. Afterward, she agreed to take her nephew home. Finally, she alleges a double jeopardy claim which, as will be discussed further, is difficult to understand.

## Discussion

### Claim One

Petitioner's first allegation is that the crimes for which she was convicted were committed not by her, but by Frank Shuff. She explains that if any cocaine was distributed, he was the one responsible because he handled the money and bought the drugs. She

-3-

also alleges that some unidentified portion of his testimony at her trial constituted perjury.

It is not entirely clear, but it appears that Petitioner's current claim is essentially the same as an insufficiency of the evidence claim she raised on direct appeal. The North Carolina Court of Appeals found that this claim was not properly preserved at trial and was, therefore, procedurally barred from appellate review. Hughes, No. COA07-1227 at *2. This means that the claim is also procedurally barred from review by this Court. See Harris v. Reed, 489 U.S. 255, 262 (1989); Boyd v. French, 147 F.3d 319 (4th Cir. 1998).

Further, in order to succeed on an insufficiency of the evidence claim, Petitioner would need to show that, after viewing the evidence in the light most favorable to the State, no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Based on the evidence set out in the North Carolina Court of Appeals opinion set out above, a jury could have easily found Petitioner possessed the cocaine and distributed it to the undercover officer. Shuff may have also been guilty of the same crimes and Petitioner may have presented evidence supporting her claim of innocence, but, in the end, the jury believed the testimony indicating that she was guilty. That testimony was sufficient to support the convictions. For this reason, and because the claim is procedurally barred, Petitioner's first claim for relief should be denied.

## Claim Two

Petitioner's second claim is that the Stokes County Superior Court did not have jurisdiction over the case because any distribution of cocaine occurred in Surry County, not Stokes County. This argument was raised and addressed in the trial court and on appeal, but was rejected both times. Even though Shuff purchased the cocaine at a trailer park in Surry County, the undercover officer testified that she did not take final possession of the drugs until they were in Petitioner's driveway in Stokes County. The state courts found this evidence sufficient to establish jurisdiction in Stokes County.

Petitioner's claim should plainly be denied. State court rulings on state court jurisdiction are conclusive and binding in federal habeas proceedings absent a "'complete miscarriage of justice.'" Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998). Petitioner has not shown such a miscarriage in the present case. Although Petitioner stridently maintains that any crime which did occur happened in Surry County, there is ample contrary evidence. As the North Carolina Court of Appeals stated, there was testimony that Petitioner actively participated in obtaining and distributing the cocaine to the undercover officer and that she ultimately gave the cocaine to the officer in her driveway in Stokes County. No complete miscarriage of justice occurred. Therefore, Petitioner's second claim for relief should be denied.

### Claim Three

Petitioner's third claim for relief asserts that she was in another location at the time the drug purchase was made. This alibi defense was raised by Petitioner at trial. (Docket No. 6, Ex. 7 at 45-50.) Obviously, it was rejected by the jury. As Respondent states, this claim for relief is really another form of her sufficiency of the evidence argument. As such, it should be denied for the same reasons as her first claim for relief.

### Claim Four

Petitioner's final claim for relief states, "double jeopardy I was tried for the same charges." The facts supporting it state that Petitioner was given a sentence, but that it changed after she "took the charges." She claims she did not sign a plea agreement, that her probation violation was "change[d] to another charge," and that her plea agreement was broken. She states that she was told that if she took the plea agreement, she would be done with the charge. (Docket No. 2 at 11.) Read alone, this claim is indecipherable. However, exhibits attached to the petition, as well as Petitioner's response brief, suggest that the claim is tied to the prior suspended sentences which were activated after Petitioner violated her probation by distributing cocaine. She appears to believe that her plea bargain in the prior cases was only for a probationary sentence and did not involve any suspended sentences. If so, she is simply incorrect.

The records produced by Respondent plainly reveal that Petitioner agreed to plead guilty in the prior cases, with "all

matters" being "consolidated for judgment into two (2) class H felonies." (Docket No. 6, Ex. 12.) She was then given two sentences of 8 to 10 months of imprisonment which were suspended in lieu of 36 months of supervised probation. These sentences were activated due to her convictions in the present case. (Id.) Any claim that the reactivation of Petitioner's sentence was not in keeping with her earlier plea agreement and judgments is not supported by the record. It should be denied.

To the extent that Petitioner is raising any other type of claim, it fails because it cannot be understood and because it is conclusory in any event. Nickerson v. Lee, 971 F.2d 1125 (4th Cir. 1992). Also, Petitioner makes numerous statements in her exhibits and briefs which may be attempts to raise further claims. These too fail because they are either similar to the claims discussed above, or are entirely conclusory. All of Petitioner's claims should be denied.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion for summary judgment (docket no. 5) be granted, that the petition (docket no. 2) be denied, and that judgment be entered dismissing this action.

/s/ Donald P. Dietrich
**Donald P. Dietrich**
**United States Magistrate Judge**

June 3, 2009